Case 2:23-cv-00132   Document 76   Filed on 03/11/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERTO HINOJOSA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00132 |
| § | |
| DAIRY FARMERS OF AMERICA, INC., § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Dairy Farmers of America, Inc.'s (DFA's) Motion for Summary Judgment (D.E. 44, 45). On December 12, 2024, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Grant Defendant's Motion for Summary Judgment (M&R, D.E. 63). Plaintiff timely filed his objections pursuant to an extended schedule (D.E. 61, 70) on January 13, 2025, and also requested an oral hearing on the matter. D.E. 71. Defendant filed a response (D.E. 72). The Court **DENIES** the motion for oral hearing (D.E. 71), and adjudicates the objections as follows.

**Control**. First, Plaintiff objects that the Magistrate Judge overlooked evidence of Defendant's actual or contractual control that supports finding that Defendant owed a duty to Plaintiff with respect to his complaints. D.E. 70, pp. 3, 11-14. In that regard, he refers the Court to Defendant's corporate representative's testimony (D.E. 54-1, p 22 (internal page 85)). But that testimony indicates that Defendant contracted with SecureCo so that

SecureCo would direct its employees to perform the tasks that Defendant required. It expressly disclaims Defendant's ability to control SecureCo's employees. "It's not something that we just go to the security guard and say, 'Hey, you got some time tonight, can you go around and check these temperatures for us?'" *Id*.

Plaintiff also cites an agreement between Defendant and SecureCo that specifies that guards will not touch or attempt to operate Defendant's equipment without proper authorization. D.E. 54-3. And Defendant's plant manager testified that security officers needed authorization to touch or operate equipment because they may not know how to do so safely. D.E. 54-4, p. 26. However, nothing in the agreement or the testimony negates the fact that a separate arrangement had been made for SecureCo to direct its guards to perform the task of monitoring temperatures for product storage. *See* D.E. 54-1, p. 22.

Plaintiff further relies on testimony that the security guards were to report their findings or ask questions about the temperature requirements directly to Defendant's plant manager. D.E. 70, pp. 4-5. Plaintiff does not explain how this reporting or other communication about temperatures translates into Defendant supplanting SecureCo as the entity responsible for controlling the manner in which the SecureCo guards traversed the property or the equipment. Likewise, whether the security guards reported other equipment malfunctions, such as a truck or its lights not turning on, nothing in the referenced testimony indicates that DFA or its plant manager undertook to control the manner in which the security guards performed their assigned tasks.

Plaintiff points out that Defendant's plant manager testified that he had a security guard terminated from working at Defendant's facility because he left his post.

D.E. 70, p. 6 (citing D.E. 54-4, p. 8 (internal page 26)).  But the plant manager did not testify that he had fired the security guard himself.  Instead, he reported to SecureCo any time security guards caused DFA to lose product or left their post, and had indicated that the security guard who left his post should not be sent back to work at the facility.  This is a client representative reporting to its contractor a problem with the contractor's employee that the client expects the contractor to resolve.  It is not a matter of the client controlling the ultimate employment status of the contractor's employee.

Last, Plaintiff details how DFA takes responsibility for training its employees on the risks of climbing in and out of the trucks, but did not actually train Plaintiff or the other security guards.  This evidence is only relevant if DFA had a duty to train SecureCo's employees.  Because Plaintiff's evidence is insufficient to raise a disputed issue of material fact in this regard, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's assessment of the issue of DFA's control over the SecureCo employees' training and work.

**Unreasonably Dangerous Condition-Contractor**.  Second, Plaintiff notes that the Magistrate Judge acknowledged that facility and truck lighting issues under DFA's control contributed to the dangerous condition of the premises.  Given that, Plaintiff objects to the recommendation that the Court find as a matter of law that any danger was open and obvious and attributable to the dark of night and the slipperiness of precipitation.  D.E. 70, p. 12; *see* D.E. 63, pp. 8-9. Plaintiff's objection inflates the significance of the artificial lighting and conflates the issue of control over the condition with the issue of what is a dangerous condition.

The usefulness of facility and truck lighting only manifests because, with nightfall, the ambient light from the sun disappears. While DFA could mitigate the danger of the dark, it did not create that danger and it is open and obvious. DFA's duty to warn of or mitigate any such danger in order to facilitate the work of the employee of an independent contractor depends on other issues, such as that of control addressed above. Because, as the M&R adequately sets out, DFA did not have actual or contractual control over SecureCo's employees' work, it did not have a duty to warn or alter the nighttime working environment, just as it did not have a duty to specially equip the security guards with headlamps or to train them for safely climbing steps.  The objection is **OVERRULED**.

**Unreasonably Dangerous Condition—Invitee**.  Third, Plaintiff objects that the duty owed him as an invitee on the premises is sufficient to require mitigation of the danger. D.E. 70, p. 14.  In that regard, Plaintiff objects to the Magistrate Judge's reliance on *General Electric Co. v. Moritz*, 257 S.W.3d 211, 216 (Tex. 2008). Once again, Plaintiff's argument depends on the evidence supporting DFA's actual or contractual control over his work.  D.E. 70, p. 15.  Because the Court has rejected Plaintiff's arguments regarding DFA's control, this objection is **OVERRULED**.

**Necessary-Use Exception**. Fourth, Plaintiff objects that the Magistrate Judge disregarded his briefing on the necessary-use exception, which allows the finding of premises liability despite the fact that the dangerous condition is open and obvious.  D.E. 70, pp. 15-20.  For the most part, Plaintiff's argument addresses landlord-tenant cases, which involves duties that are not present here.

As Plaintiff's briefing of the objection acknowledges, the application of the necessary-use exception in the context of a subcontractor's work depends on evidence that the defendant-contractor controlled the manner in which the subcontractor's employee performed his duties on the premises. *See* D.E. 70, p. 18 (discussing *JMI Contractors, LLC v. Medellin*, No. 04-22-00072-CV, 2024 WL 3954210 (Tex. App.—San Antonio Aug. 28, 2024) and relying on issues of DFA's control over Plaintiff's work). "'"To invoke the exception, a plaintiff must show that the landowner [in this case, the general contractor as the occupier] would anticipate that the invitee is 'unable to take measures to avoid the risk.'" *Medellin*, at *5 (brackets in original; quoting *SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 569 (Tex. 2022), in turn quoting *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015)).

Having disagreed with the import of Plaintiff's proffer on DFA's control of Plaintiff's work and there being no evidence that SecureCo[1] was unable to take measures to avoid the risk to its employees of a dark and rainy night, Plaintiff cannot establish the preconditions to the application of the necessary-use doctrine in this case. Plaintiff's objection is **OVERRULED**.

**Disregard of Expert Report**. Fifth, Plaintiff objects that the Magistrate Judge did not give effect to his expert's report regarding DFA's duties to Plaintiff based on industry

---

[1] Plaintiff recites the issue as whether Plaintiff was unable to take measures to avoid the risk. But the context of this case indicates that the issue is whether SecureCo was unable, as it was the party with whom DFA contracted and was the party responsible for Plaintiff's safety. Without showing that DFA exercised or retained direct control over SecureCo's employees, Plaintiff did not negate SecureCo's duties toward him and cannot substitute DFA as owing those duties, as set out above.

standards. D.E. 70, pp. 21-22. Again, Plaintiff's objection is based on his belief that he had provided evidence that DFA had actual or contractual control over the methods and manner of Plaintiff's work and that the necessary-use doctrine applied. Because the Court has rejected those arguments, the Court **OVERRULES** the objection.

**General Negligence**. Sixth, Plaintiff objects to the dismissal of all of the negligence claims because the Magistrate Judge did not adequately address them separately, specifically with respect to the negligent training claim. D.E. 70, pp. 22-24. Plaintiff's objection is based on his contention that he supplied evidence that DFA had actual or contractual control over Plaintiff's work. Because the Court disagrees, this objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's motion for summary judgment (D.E. 44, 45) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**ORDERED** on March 11, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE